Dear Senator Schedler:
Reference is made to your recent request for an opinion of this office regarding Act 682 of the Regular Legislative Session of 2001 ("Act 682"), which enacted LSA-R.S.17:421.8[1] relative to a salary supplement for public school counselors. Pertinently, LSA-R.S. 17:421.8
provides:
 "A. Effective for the 2001-2002 school year and thereafter, a full-time school counselor who holds both a valid Louisiana counseling credential approved and issued by the State Board of Elementary and Secondary Education and a National Certified School Counselor credential issued by the National Board for Certified Counselors and who is employed by a school board to provide services to students shall receive from the school board, in addition to annual salary, an annual amount of five thousand dollars with such additional amount to be distributed in the same manner as the annual salary.
 * * * C. Subject to appropriation of funds for this purpose, the amount of the salary supplement provided by a school board to a school counselor shall be reimbursed to the school board annually by the State Department of Education out of funds appropriated for that purpose. However, no such reimbursement shall exceed five thousand dollars per year per school counselor." (Emphasis added).
You advise that it is your understanding that some school systems are refusing to pay qualified counselors the supplement required by Act 682 in the absence of reimbursement by the State Department of Education. You further advise that although the Legislature did appropriate $100,000 to the Department of Education for this purpose, that amount only covers a portion (approximately $2,300) of the $5,000 to be paid per counselor.
You seek our opinion on the responsibility of each school system to pay qualified counselors the supplement required by Act 682, even in the absence of sufficient state funding.
There can be no question but that Act 682, by its own terms, purports to require School boards to pay qualified counselors the supplement referred to therein. Although Act 682 addresses the possibility of state reimbursement to school boards for payment of the supplement, the requirement imposed upon school boards to pay the supplement is not contingent upon the receipt of reimbursement from the state. Our research did not reveal, nor is this office aware, of any provision of law which would relieve a school board of the responsibility of providing the supplement required by law[2].
Based upon the foregoing, it is the opinion of this office that each school board has the responsibility to pay its qualified counselors the supplement required by Act 682.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of further assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
DATE RELEASED: January 9, 2003
[1] LSA-R.S. 17:421.8 was originally enacted as LSA-R.S. 17:421.7, but was redesignated as LSA-R.S. 17:421.8 pursuant to statutory revision authority of the Louisiana State Law Institute.
[2] La. Const. Art. VI, Sec. 14, which provision limits the state's ability to increase the financial burden of political subdivisions, does not apply to school boards in accordance with its own terms.